Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000914
28-MAY-2019
07:51 AM

NO. CAAP-17-0000914

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
BILLY JOEL DE. LIMA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAI'ANAE DIVISION
(CASE NO. 1DCW-16-0003982)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Billy Joel De Lima (**De Lima**)

appeals from an October 11, 2018 Amended Notice of Entry of

Judgment and/or Order (**Amended Judgment**) and an October 12, 2018

Amended Restitution Order, both entered by the District Court of

the First Circuit, Wai'anae Division (**District Court**).[1] After De

Lima pleaded no contest, the District Court convicted him of one

count of Assault in the Third Degree, in violation of Hawaii

Revised Statutes (**HRS**) § 707-712(1)(a) (2014). The District

Court's sentence included, *inter alia*, an order that De Lima pay

$5,549.99 in restitution.

---

[1]     The Honorable Paula Devens entered the Amended Judgment, the
Honorable Alvin K. Nishimura entered the Amended Restitution Order, and the
Honorable Randal I. Shintani accepted De Lima's plea.

De Lima raises two points of error on appeal, contending that the District Court: (1) erred in (a) admitting the State's Exhibits 1-3, purported medical bills mailed to the complaining witness (**CW**) after the incident, and (b) accepting the prosecutor's "testimony" regarding the bills; and (2) failed to sufficiently engage De Lima in the required colloquy before accepting De Lima's waiver of his right to a jury trial.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve De Lima's points of error as follows:

(1) De Lima argues that the District Court erred in admitting into evidence State's Exhibits 1-3 despite a lack of foundation and hearsay violations. In general, however, the Hawaii Rules of Evidence (**HRE**) do not apply to sentencing proceedings. See HRE Rule 1101(d)(3).[2]

The State was required to demonstrate by a preponderance of the evidence that CW's losses were reasonable and verified and caused by De Lima. See HRS § 706-646(2) (2014); State v. DeMello, 130 Hawai'i 332, 344-45, 310 P.3d 1033, 1045-46 (App. 2013), vacated in part on other grounds, 136 Hawai'i 193, 361 P.3d 420 (2015).

At the sentencing hearing, CW testified as to the injuries he sustained as a result of the assault and the medical

---

[2] There is an exception, not applicable here, for when a defendant raises a proper good-faith challenge to a prior conviction used as a basis for the imposition or enhancement of a prison sentence. See State v. Heggland, 118 Hawai'i 425, 443, 193 P.3d 341, 359 (2008).

treatment he received for those injuries. CW testified that the medical bills offered as State's Exhibits 1-3 represented the cost to him for the medical treatment made necessary by the assault. De Lima offered no evidence on these points.

State's Exhibit 1 is a request for payment of $395.81, from Radiology Associates, for services provided to CW, at Queen's West hospital (**Queen's West**), on February 20, 2016. CW testified he underwent an MRI scan of his head at Queen's West, on February 20, 2016. The bill indicates "Zoe Howard MD" (**Dr. Howard**) referred CW to Radiology Associates. The note about Dr. Howard is consistent with State's Exhibit 3, a bill for CW's emergency-department visit with Dr. Howard.

State's Exhibit 2 is a hospital statement from Queen's West, indicating CW owes $4,756 for "CT Scan" and "Emergency Room" services rendered on February 20, 2016, to CW. This corresponds with CW's testimony that on February 20, 2016, at Queen's West, his head was scanned and he went to the emergency room.

State's Exhibit 3 is a bill for $398.18 from The Emergency Group, Inc., for an emergency department visit by CW, on February 20, 2016, with Dr. Howard. This comports with CW's testimony that on February 20, 2016, he went to the emergency room, and a doctor talked to him about his MRI results.

We conclude that the State presented sufficient evidence tying State's Exhibits 1-3 to the assault.

De Lima also argues that the prosecutor's statements regarding what the defense argued were duplicative charges were

3

tantamount to testimony. However, we conclude that the prosecutor's statements were in the nature of argument as to how the State's exhibits should be construed by the court. In any case, because the District Court did not err or abuse its discretion by admitting State's Exhibits 1-3 into evidence, and the prosecutor's comments were merely arguments regarding the admitted evidence that established CW's incurred medical expenses, we cannot conclude that the District Court reversibly erred in asking the prosecutor to respond to De Lima's argument about possible duplicative services.

Accordingly, we reject De Lima's first contention of error.

(2) De Lima argues that the District Court's colloquy concerning De Lima's waiver of his right to a jury trial was deficient because the District Court did not stop to obtain De Lima's answer after presenting each part of the colloquy. The District Court informed De Lima, *inter alia*, that: (1) in a jury trial, he would be judged by twelve citizen jurors; (2) he and his attorney would be involved in selecting the jurors; and (3) he could not be found guilty unless all twelve jurors unanimously agreed. The court then asked De Lima, "Do you understand?" The court also informed De Lima that if he gave up his right to a jury trial, then a single judge would decide whether he was guilty of the offense and asked whether he wished to have twelve jurors or a single judge. De Lima responded, "Single judge."

We note that De Lima did not challenge the validity of his jury trial waiver in the District Court or seek to withdraw

it. Accordingly, he did not preserve the issue for appeal. <u>See</u> <u>State v. Hoglund</u>, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990); <u>State v. Ildefonso</u>, 72 Haw. 573, 584, 827 P.2d 648, 655 (1992); <u>State v. Moses</u>, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003); <u>see</u> <u>also</u> <u>State v. Paulmier</u>, CAAP-15-0000381, 2018 WL 3490557, *5 (Haw. App. July 20, 2018) (mem. op.), <u>as corrected</u> (July 27, 2018).

Moreover, based on the totality of the circumstances, we conclude that the District Court did not err because De Lima's waiver of his right to a jury trial was voluntary, intelligent, and knowing. The District Court provided De Lima with the advisory recommended in <u>United States v. Duarte-Higareda</u>, 113 F.3d 1000 (9th Cir. 1997). <u>See</u> <u>State v. Gomez-Lobato</u>, 130 Hawai'i 465, 469-73, 312 P.3d 897, 901-05 (2013); <u>State v. Myers</u>, 108 Hawai'i 300, 307, 119 P.3d 608, 615 (App. 2005). The District Court was not required to stop and address De Lima after presenting each component of the colloquy. <u>See</u> <u>State v. Bayron</u>, CAAP-17-0000670, 2019 WL 1239284, *1-*2, (Haw. App. Mar. 18, 2019) (SDO); <u>State v. Macaso</u>, CAAP-15-0000198, 2016 WL 2941071, *4, (Haw. App. Apr. 13, 2016) (mem. op.), <u>as corrected</u> (July 1, 2016).

De Lima signed a Waiver of Jury Trial form, in which he waived his right to a jury trial. The written waiver also contained all four aspects of the <u>Duarte-Higareda</u> suggested advisory, as well as a signed certification by De Lima's attorney that he explained the form to De Lima and believed De Lima understood the form, and the form indicated that De Lima's waiver

5

was "made voluntarily and with intelligent understanding of the nature of the charge(s) and consequences of said waiver."

The District Court questioned De Lima about the Waiver of Jury Trial form. The court asked if the signature thereon was De Lima's, whether De Lima reviewed the form with his attorney before signing, whether he was thinking clearly that morning, and whether it was De Lima's decision to give up the right to a jury trial. De Lima responded "Yes" to each question. When the District Court asked if someone was forcing or pressuring De Lima to waive his right to a jury trial, and if he had had any medication, alcohol, or drugs in the prior forty-eight hours, De Lima responded "No" to each question.

There is nothing in the record to indicate that De Lima's English language skills were limited or that any other factor was present that might indicate that further inquiry of De Lima was necessary to ensure that his waiver was voluntary, intelligent, and knowing.

For these reasons, the District Court's October 11, 2018 Amended Judgment and October 12, 2018 Amended Restitution Order are affirmed.

DATED: Honolulu, Hawai'i, May 28, 2019.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge